*731
 
 SANDERS, Justice.
 

 This workmen’s compensation case raises the question of whether or not the plaintiff’s suit is barred by the one-year prescriptive period of LSA-R.S. 23:1209. We hold that it is not.
 

 Joseph A. Dupaquier, a New Orleans fireman, suffered a heart attack on or about March 11, 1966, while performing his duties. He received sick leave benefits amounting to full pay through October 23, 1968. He was then placed on a disability pension.
 

 The plaintiff instituted the present suit for workmen’s compensation on December 20, 1968. The defendant filed a plea of prescription under LSA-R.S. 23:1209. The district court overruled the exception and, after trial, rendered judgment in favor of plaintiff for workmen’s compensation at the rate of $35.00 per week from March 11, 1966, and for medical expenses not exceeding $2500.00, subject to a credit for compensation and medical expenses already paid, with legal interest on each of the installments from the date due until paid.
 

 On appeal, the Court of Appeal sustained the plea of one-year prescription and reversed the judgment. La.App., 242 So.2d 331. On application of plaintiff, we granted certiorari to review the judgment of the Court of Appeal. 257 La. 981, 244 So.2d. 855.
 

 To counter prescription, plaintiff asserts that the New Orleans Fire Department understood and led the firemen to believe that the full-pay sick leave benefits included workmen’s compensation and that a suit for workmen’s compensation would be premature as long as these benefits were being received.
 

 The City of New Orleans admits the payment of sick leave benefits, but asserts that the City was in no way responsible for plaintiff’s misunderstanding.
 

 The Court of Appeal found that both the City and plaintiff believed at least until June 10, 1968, that the sick leave benefits included workmen’s compensation and acted upon this assumption. On that date, the Court of Appeal handed down its decision in Guerrera v. City of New Orleans, La.App., 212 So.2d 223, rejecting the City’s classification and holding that such payments could not be credited on workmen’s compensation. We adopt this finding.
 

 Despite the above finding, the Court of Appeal sustained the plea of prescription, stating:
 

 “Proof of a general misunderstanding is one thing; proof of ‘misleading’ is quite another. Here, it is clear that there was a misunderstanding, on everyone’s part. There is, however, no evidence that the City or anyone acting in its interests played the slightest direct role in placing the mistaken impression
 
 *733
 
 within Mr. Dupaquier’s mind. Thus, while we by no means agree with the defendant that tolling requires proof of design or intent to mislead, we see no reasonable basis for the application of the doctrine absent a more substantial link between the employer and the misimpression that was proved in this action.”
 

 We disagree with this holding. LSA-R.S. 23:1209 provides:
 

 “In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.”
 

 Under the statute, the payment of unearned wages during disability is treated as workmen’s compensation, and the one-year prescription runs from the last payment. Rimbolt v. City of New Orleans, La.App., 150 So.2d 871, cert. den. 244 La. 473, 152 So.2d 564; Scalise v. Liberty Mutual Insurance Company, La.App., 84 So.2d 88.
 

 The purpose of the one year prescriptive period is to protect employers from the burdensome litigation of stale claims. When, however, the employer lulls the employee into a false sense of security, causing him to withhold suit until after the period has expired, the employer cannot invoke the time bar to defeat compensation. See Thornton v. E. I. DuPont De Nemours & Co., 207 La. 239, 21 So.2d 46; Richard v. Liberty Mutual Insurance Company, La.App., 188 So.2d 432; Williams v. Red Barn Chemicals, Inc., La.App., 188 So.2d 78; 3 Larson’s Workmen’s Compensation Law, § 78.45, pp. 107-108.
 

 It is true, as noted by the Court of Appeal, that no city official personally misinformed the plaintiff as to the nature of the payment. Nonetheless, the Fire Department officials did contribute to the misinformation upon which plaintiff relied. The record reflects that the president of the Fireman’s Union inquired about the nature of sick leave benefits.- The Fire Chief informed him that the benefits included workmen’s compensation. The president then made this announcement at a union meeting.
 

 Based upon the information disseminated orally among the firemen, plaintiff reasonably believed that the sick leave benefits he was receiving included workmen’s compehsation. Thus, he withheld suit until after his sick leave expired. To allow the City
 
 *735
 
 to raise the prescriptive bar here would promote an obvious injustice. Under a liberal application of the workmen’s compensation statute, the circumstances are sufficient to deny the City the benefit of the one-year prescription insofar as it runs from the date of the accident. Accordingly, we affirm the judgment of the trial court overruling the plea of prescription.
 

 In accordance with our usual rule, the case should be remanded to the Court of Appeal for consideration of the merits.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed, the exception of prescription is overruled, and the case is remanded to the Court of Appeal for a consideration of the merits.