REDMANN, Judge.
Injured at work in August 1968, plaintiff continued to work until May 1969, when his back was operated on. He thereafter received sickness and accident benefits in accordance with his union’s contract with his employer, until June 1971 when he began to receive retirement benefits. Suit for workmen’s compensation was filed March 20, 1972 and was dismissed as per-empted.
Appellant theorizes that the employer is estopped from invoking the time bar, as in Dupaquier v. City of New Orleans, 1972, 260 La. 728, 257 So.2d 385.
The trial court rejected plaintiff’s contradicted testimony that he was told by one of defendant’s managerial employees that he was already receiving workmen’s compensation (and therefore need not earlier have sued). The evidence amply corroborates this credibility call.
Nor can we found estoppel on the circumstance that total weekly benefits to a disabled employee were identical in amount whether for industrial or non-industrial disability. Indeed we do not have a simple case of an injured workman who is paid under a partial wage-continuation plan; ours is a case of a workman who applied for non-industrial accident benefits from the outset. Thus our workman had no reason to suppose he was being paid workmen’s compensation or wage-continuation in lieu of compensation. He was not deceived nor lulled into inaction by any act of his employer from which estoppel to assert peremption would result.
Affirmed.