BLANCHE, Justice
(dissenting).
I respectfully dissent from the majority holding for the following reasons. In its effort to overrule the lower courts’ findings that plaintiff’s suit has prescribed, the majority has relied upon a factual premise which this writer believes is unsupported by the record. More significantly, this opinion is in contravention to the clear wording of R.S. 23:1209 and the prior jurisprudence interpreting that provision.
According to the majority, plaintiff’s suit for workmen’s compensation disability benefits has not prescribed, although filed over 4% years after plaintiff’s accident, because plaintiff’s employer paid him wages in lieu of compensation and this payment interrupted the prescriptive period. I agree that where an employer discourages his employee from seeking workmen’s compensation benefits by paying the employee’s salary in lieu of compensation the prescriptive period is interrupted during such payments. However, the facts in the instant case do not indicate that plaintiff was led to believe he was receiving workmen’s compensation disability benefits or a substitute for those benefits from his employer and was thereby *1231 discouraged from seeking workmen’s compensation benefits, i. e. was lulled into a false sense of security.
The majority opinion found no need to determine whether the payments of salary to plaintiff were actually made “in lieu of compensation”. The opinion states that it was stipulated that these wages were paid in lieu of compensation and there was no need to factually determine whether plaintiff was discouraged from seeking workmen’s compensation benefits by the continuation of his salary during periods of disability. The majority relies solely on an affidavit signed by the president of defendant company to the effect that plaintiff was paid wages “in lieu of compensation” during certain periods of plaintiff’s absence from work due to his injury and subsequent complications. A factual determination of whether wages were paid in lieu of compensation is not possible by a mere reference to a statement in an affidavit by a company employee that he was familiar with the company payroll records and that plaintiff was paid his salary “in lieu of compensation” at certain times. In fact, at the trial of the exception of prescription, counsel for defendant attempted to point out that the statement in the affidavit was intended only as a reference to the fact that defendant did supplement plaintiff’s workmen’s compensation benefits to equal the amount of his regular salary and paid plaintiff his regular salary in full when plaintiff received no disability benefits.
Whether wages were paid “in lieu of compensation” in a situation where the employee is not working is a factual determination that should be based on whether an employee was led to believe that the wages were actually workmen’s compensation disability benefits or a substitute for such benefits, and whether the employee therefore felt he need not file suit for those benefits. In Arnold v. Solvay Process Co., 207 La. 8, 20 So.2d 407 (1944) this Court affirmed the dismissal of a suit for disability benefits due to prescription and distinguished the situation where there is a recognition by the parties concerned that the employee has a just claim for disability benefits and that wages paid were in lieu or in the nature of compensation. The Court correctly noted that in such an instance the payments should interrupt the prescriptive period since the employer was lulling the employee into a false sense of security thereby inducing them to withhold prosecution of his workmen’s compensation claim.
In a case where full pay sick leave benefits are paid to an employee and the employee was not under the impression that this pay was workmen’s compensation or in lieu thereof, this payment should not interrupt the one year prescriptive period for filing suit for workmen's compensation benefits. Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972); Blanchard v. Liberty Mutual Insurance Co., La. App., 280 So.2d 592 (3d Cir. 1973). The facts in the instant case are unlike those in Dupaquier where, based upon information distributed to employees, plaintiff-employee reasonably believed that sick leave benefits he received included workmen’s compensation and he withheld filing for benefits until after his sick leave expired.
The evidence indicates that the plaintiff was not lulled into a false sense of security (i. e. believed that he was receiving wages as a substitute for workmen’s compensation and therefore need not file suit for those benefits). Plaintiff testified that he had in the past received full wages while he was ill and unable to work, in accordance with his employer’s sick pay policy. The president of defendant company testified that he always paid his full time employees, such as Warren Lester, their full wages while they were ill and unable to work. Both plaintiff and the president of defendant company testified that when plaintiff received workmen’s compensation disability payments, plaintiff’s employer supplemented these payments to equal plaintiff’s regular salary. Plaintiff gave no other testimony as to what he believed to be the character of the wages he received from his employer while unable to work. After reviewing all of the evidence adduced at the trial of the exception, I do not believe the majority conclusion that plaintiff received wages “in lieu of *1232 compensation” can be supported. There is no indication that plaintiff was under any impression other than that he was receiving sick pay benefits from his employer, just as he had in the past on occasions when he was ill prior to his injury. The thrust of the majority opinion is to unjustifiably penalize an employer who pays full wages to employees who are ill or who supplements workmen’s compensation payments to equal full salary in accordance with a sick pay policy, where the employees are not misled as to the character of those payments.
Even assuming for the sake of argument that plaintiff was paid his salary in lieu of compensation, plaintiff’s suit for disability benefits prescribed by the clear terms of R.S. 23:1209 prior to any payments “in lieu of compensation”. According to this statute, where workmen’s compensation payments have been made, the one year limitation for filing suit is interrupted. However, the suit becomes prescribed one year after the last payment is made. In this case, the last disability payment was made to plaintiff on May 5, 1975. Plaintiff’s suit prescribed one year after that date. Brister v. Wray Dickinson Co., 183 La. 562, 164 So. 415 (1935); Blanchard v. Liberty Mutual Ins. Co., supra; Matthews v. New Orleans Public Service, Inc., La.App., 349 So.2d 408 (4th Cir. 1977).
The holding and wording of the majority opinion raises several questions as to the future interpretation of R.S. 23:1209. The majority first notes that the two year prescriptive period in R.S. 23:1209 is not applicable to this case since plaintiff’s injuries manifested themselves at the time of the accident, but the opinion goes on to hold that the payment of wages in lieu of compensation interrupted the two year prescriptive period provided in R.S. 23:1209. In the view of this writer, there is no separate two year prescriptive period aside from the instance where injuries do not immediately manifest themselves, and wages paid in lieu of compensation would interrupt the normal one year prescriptive period.
Further, it is uncertain which factors or combination of factors present in the instant case were necessary for a holding that plaintiff’s suit had not prescribed. The majority notes that each of plaintiff’s complications (incisional hernias) manifested themselves within one year of each other (although more than one year elapsed between the payments of salary the majority considers to be in lieu of compensation and which, according to the majority, interrupted prescription). The opinion does not indicate the significance of this recurrence within one year of each prior occurrence of hernias. Neither does the majority set out any time frame in which the payment in lieu of compensation must first occur in order to interrupt the “two year” prescriptive period referred to. The opinion also does not address the issue of how long a payment of salary while a worker is unable to work will serve to interrupt prescription. Apparently, the majority has held that the interruption continues despite the passage of one year after the time these payments “in lieu of compensation” are ended. In doing so, the majority opinion adopts a longer, indeterminate, prescriptive period in instances where salary is paid “in lieu of compensation” than where actual disability benefits are paid. See R.S. 23:1209.
The majority cites R.S. 23:1221(4) and a case interpreting that provision as an alternative justification for its holding that plaintiff’s suit has not prescribed. However, the majority omits the key fact that the cited provision refers only to instances of “inguinal hernias” (ruptures of groin tissue) and not to hernias that occur in surgical incisions. Neither the particular prescriptive period for filing suit in cases of inguinal hernias nor the other features of R.S. 23:1221(4) (such as its 30 day reporting requirement) are applicable to the facts of the present case. Any application of that provision to the instant facts would constitute an act of legislation by this judicial body.
I sympathize with the plight of Warren Lester who was clearly injured in the course of his employment and who may in fact medically qualify for total and permanent disability benefits. However, this plaintiff has not filed his suit for such bene *1233 fits within any of the time frames set out in R.S. 23:1209 as interpreted by prior jurisprudence. The legislature has not, as of yet, seen fit to provide for longer prescriptive periods in situations such as Lester’s where medical complications continue to manifest themselves for years as a result of an injury, and the employee fails to file suit within one year of the accident or of the last disability payment, or within one year from the time an injury manifests itself, but within two years from the date of the accident. I would affirm the court of appeal determination that plaintiff’s suit has prescribed.