LEAR, Judge.
Joan C. Erwin filed suit on August 24, 1981, against Agrico Chemical Company of Delaware, Inc. for workmen’s compensation benefits. Agrico filed an exception of prescription which was sustained. Plaintiff appeals that ruling.
Plaintiff alleges that on or about July 10, 1978, she fell down a flight of stairs while working the night shift at Agrico.[1] On or about October 10,1979, she began to experience pain and swelling in her knees. Thereafter, in November of 1979, and again in April of 1980, plaintiff underwent knee surgery. The night before plaintiff’s first surgery, Agrico’s company nurse visited plaintiff’s home and had plaintiff fill out and sign several insurance forms; the information on these forms indicates that the required surgery was not work-related. In March or April of 1980, plaintiff began receiving payments from Prudential Insurance Company; these payments were long term disability payments and were paid through plaintiff’s accident and sickness insurance with Agrico. Plaintiff continued to receive these payments until suit was filed.
The prescriptive period for workmen’s compensation is set forth in LSA-R.S. 23:1209 which states:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
However, under certain circumstances the two year period set forth in the above quoted statute may be interrupted or suspended. Lester v. Rebel Crane and Service Company, 393 So.2d 674 (La.1981); Miller v. Olinkraft, Inc., 395 So.2d 902 (La.App. 2nd Cir.1981). For example, a prescriptive period may be interrupted where there has been payment of unearned wages in lieu of compensation, Matthews v. New Orleans Public Service, Inc., 349 So.2d 408 (La. *1387 App.4th Cir.1977), writ denied, 351 So.2d 170 (La.1977), where the employee shows that he was lulled into a false sense of security and thereby discouraged from filing a lawsuit, Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972), or even where the employer innocently sets up circumstances such that the employee could reasonably believe he was receiving compensation benefits and thereby delays filing a lawsuit, Williams v. International Lubricant Corporation, 341 So.2d 17 (La.App. 4th Cir.1976), writ refused, 342 So.2d 872 (La.1977).
Plaintiff argues on appeal that due to the facts and circumstances of this case, it was reasonable for her to be under the impression that the payments she was receiving were workmen’s compensation benefits and therefore the prescriptive period of LSA-R.S. 23:1209 was interrupted.
As the trial judge pointed out in his oral reasons for judgment, plaintiff is an educated woman with a degree in microbiology and several hours of graduate work. She had been employed by Agrico for several years and had previously submitted claims to Prudential Insurance Company as a result of medical bills for various illnesses.
In addition, the day prior to.plaintiff’s surgery, she signed forms which were either completed by her or were completed with information supplied by her to the effect that the problem she was having with her knees was not work-related. The mere presence of this type of misinformation on claim forms will not bar recovery where the issue is one of causation. It is well settled that in situations in which an employee does not initially associate an accident with a subsequent injury, his recovery will not be barred where he later becomes aware of the relation and notifies his employer.
In this case, however, the causal relation between plaintiff’s work and her injury is not at issue. Rather, it is plaintiff’s understanding as to the character of the payments she received, at the time she received them, that is at issue here. Because plaintiff did not connect the injury with her work at the time she signed the forms, nor did she subsequently notify her employer of any suspected connection, we can only conclude that she could not at that time have reasonably believed that these payments were compensation for a work-related injury, i.e., workmen’s compensation.
In addition, the record reveals that the trial judge, after having viewed the evidence and heard the testimony of all the witnesses, stated in his oral reasons for judgment that he simply did not believe that plaintiff thought the long term disability payments were workmen’s compensation benefits.
From our review of the record, we find that the judgment of the trial court is correct and we therefore affirm. Costs on appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. Agrico was self-insured for workmen’s compensation coverage and was insured through Prudential Insurance Company for accident and sickness coverage.