| WOODARD, Judge.
Ms. Broussard appeals the WCJ’s grant of Citgo’s peremptory exception of prescription of her claim for disability benefits. We find that Ms. Broussard did not carry her burden of proving that prescription was interrupted and therefore affirm the WCJ’s ruling.
[[Image here]]
Ms. Broussard had worked for Citgo Petroleum Corporation (Citgo) for approximately twenty-one years, when her supervisor told her on April 14, 2000 that she “sure picked a hell of a day to quit sniffing glue.” She claims that this caused her to suffer from depression and to never return to work.
During her absence, Citgo continued to directly deposit money into her account, under its collective bargaining agreement, until it terminated her. At that time, it notified her that her last direct deposit would be in January 2001. She filed a disputed claim for compensation with the Office of Workers’ Compensation on October 30, 2001, approximately 18 months after the April 14, 2000 incident and approximately 10 months after receipt of Citgo’s final payroll payment.
Citgo responded by filing a peremptory exception of prescription which the WCJ granted, despite Ms. Broussard’s contention that Citgo’s continued payments had suspended or interrupted prescription. Ms. Broussard appeals.
Burden of Proof
The party alleging that the claim has prescribed generally bears the burden of proof.[1] However, since Ms. Broussard first filed her claim with the Office of Workers’ Compensation on October 30, 2001, more than one year after the alleged accident on April 14, 2000, her claim has prescribed on its face. Accordingly, it is she who has the burden of proving that prescription was somehow suspended or interrupted.[2] She attempted to prove this by maintaining that Citgo’s payments to her, after she left, lulled her into a false sense of security that she was receiving workers’ 1 ^compensation benefits. Thus, *1284 prescription was interrupted until its last payment to her in January 2001, rendering her claim timely.
Prescription
La.R.S. 23:1209(A) governs prescription of workers’ compensation claims and provides the claimant with one year after the alleged accident to bring a claim:
In case of personal injury ... all claims for payment shall be forever barred unless within one year after the accident ... the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment[.]
Thus, the one-year time period is prescriptive, rather than peremptive, and may be interrupted.[3] However, the statute, itself, provides an exception to the general rule of prescription when the parties have agreed that workers’ compensation payments will be made.[4] In that case, the prescriptive period does not begin to run until the final payment is made. Jurisprudence has further defined this exception to allow Ms. Broussard to prove interruption by showing that Citgo induced her not to file her claim by lulling her into a false sense of security that their payments to her were, in fact, in lieu of workers’ compensation.[5]
False Sense of Security
To establish this, Ms. Broussard must show that through its words, actions, or inactions, Citgo induced her to withhold suit until after the claim had prescribed.[6] We have held that where the employer pays wages in lieu of compensation to the ^claimant, such payment is sufficient to lull the claimant into a false sense of security.[7] And, specifically, in Dupaquier v. City of New Orleans,[8] the Louisiana Supreme Court found that where the plaintiff reasonably believed that the sick leave benefits, which he was receiving, included workers’ compensation, the employer was estopped from invoking the time bar under La.R.S. 23:1209.
Notwithstanding the above principle, in the instant case, we do not find that Ms. Broussard could have reasonably believed that she was receiving wages in lieu of compensation as opposed to sick leave benefits. Apparently, the only basis for her belief is that the amount of the payments were consistent with the amount she would have been paid had they actually been workers’ compensation payments. This is the case because, under the agreement, her pay schedule was based on the amount of time that she had worked for Citgo. Thus, whether she was unable to work because of a work-related injury or something completely unrelated to her job, she would have received the same amount of pay. However, the entirety of her sick leave benefits was deposited to her account by Citgo, while she would have received *1285 two separate deposits if the payments had been workers’ compensation benefits. Therefore, the form of the payments was consistent with sick leave benefits. She could not have reasonably believed otherwise, especially considering that she never even filed an accident or incident report with Citgo, and it is disputable whether she told anyone about the on-the-job “incident.”
Additionally, Ms. Broussard agreed that she knew that she was being paid according to the collective bargaining agreement. Moreover, she testified that during the course of her twenty-one years of employment with Citgo, she had previously received sick leave benefits under this agreement. Therefore, she should have been familiar with Citgo’s practice. Furthermore, during the discovery process, Ms. Broussard, herself, classified the payments as “sick benefits,” as the following excerpt from interrogatories to her indicates:
| ¿INTERROGATORY NO. 13:
Please list all sources of income of any kind since the date of your alleged work injury made the subject of this suit.

ANSWER TO INTERROGATORY NO. 13:

“Sick Benefits” from Citgo Petroleum Corporation from April, 1999[sic 2000], to December 1999[sic 2000].
Ms. Broussard’s testimony at trial was consistent with this belief. She does not testify that she perceived the payments to be in lieu of workers’ compensation. Rather, she states, only, that the payments indicated to her that she was being paid by Citgo, nothing more.
Accordingly, there simply is not enough evidence that she was lulled into a reasonable belief that Citgo was paying her workers’ compensation benefits. Thus, we find that her claim has prescribed and affirm the WCJ’s grant of Citgo’s peremptory exception.
CONCLUSION
Ms. Broussard filed a claim for workers’ compensation benefits beyond the one-year prescriptive period provided by statute. Since we find that she did not carry her burden of proving that prescription was interrupted, we affirm the WCJ’s grant of Citgo’s peremptory exception of prescription and cast her with the costs of this appeal.
AFFIRMED.
AMY, J., concurs and assigns written reasons.
SAUNDERS, J., dissents and assigns written reasons.

. Richardson v. Tyson Foods, 01-427 (La.App. 3 Cir. 10/3/01); 796 So.2d 827.

. Id.

. Lester v. Rebel Crane & Serv. Co., 393 So.2d 674 (La.1981).

. La.R.S. 23:1209(A).

. Desselle v. Dresser Indus. Valve, 96-374 (La.App. 3 Cir. 2/5/97); 689 So.2d 549, writ denied, 97-618 (La.4/25/97); 692 So.2d 1086.

. Id.

. Krieg v. Krieg Bros. Terrazzo Co., Inc., 93-1065 (La.App. 3 Cir. 9/28/94); 645 So.2d 661, writ denied, 95-152 (La.3/30/95); 651 So.2d 837.

. 260 La. 728, 257 So.2d 385 (1972).