LTERRI F. LOVE, Judge.
This is an appeal from the denial of workers’ compensation benefits based on prescription. For the reasons that follow, we reverse and remand.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintifi/appellant, Sandra Norman (Ms. Norman), was a twenty-nine year employee of defendant/appellee, BellSouth Telecommunications (BellSouth), when she sustained a work-related injury. While at work on January 14, 2000, Ms. Norman was trapped in an elevator that became stuck between floors. She maintains that she jumped down from the elevator, approximately three or four feet and as a *342 result of the jump, she injured her lower back and knees. Ms. Norman immediately reported the incident to her supervisor but she did not submit a claim for workers’ compensation until July 9, 2001.
Ms. Norman sought medical treatment from her primary physician, Dr. William Laporte shortly after the accident. Dr. Laporte released Ms. Norman to return to work on February 12, 2000 and referred her. to a neurologist, Dr. Leon Weisberg. Ms. Norman was treated by Dr. Weisberg on February 14, 2000. Dr. Weisberg noted tenderness in Ms. Norman’s back and recommended that she see 12an orthopedic specialist. Ms. Norman began treatment with Dr. Warren Bourgeois in March of 2000. Dr. Bourgeois recommended that Ms. Norman have surgery on both of her knees and her back. Arthroscopic surgery on her right knee was performed in May of 2000. The other surgeries on her left knee and lower back have not been performed. Ms. Norman’s last treatment with Dr. Bourgeois was in December of 2001. As of her deposition on April 29, 2002, Ms. Norman had not been treated by any other physicians for her work-related injuries.[1]
In response to the filing of Ms. Norman’s worker’s compensation claim, Bell-South filed a Motion for Summary Judgment on the basis that Ms. Norman’s claim had prescribed. BellSouth argued that pursuant to La. R.S. 23:1209(A), all claims for workers’ compensation “shall be forever barred ... unless within one year after the accident, a formal claim has been filedThe matter was submitted on exhibits before the trial court. Judgment was rendered, granting the Motion for Summary Judgment finding that Ms. Norman’s workers’ compensation claim had prescribed.
Ms. Norman’s claim was handled as short-term disability by Kemper National Services, Inc., the administrator of Bell-South’s short-term disability insurance plan. Ms. Norman was paid short-term disability benefits during her treatment, but was never paid workers’ compensation benefits. Ms. Norman continued to receive her salary until her retirement in July of 2001. Ms. Norman’s medical expenses were paid by her healthcare provider, United Healthcare. Ms. Norman alleges that due to her mistaken belief that her injury was being handled as |3a worker’s compensation claim through BellSouth’s workers’ compensation carrier, Kemper Insurance Company, she delayed in filing Claim Form 1008.
In granting the Motion For Summary Judgment in favor of BellSouth, the trial court judge recognized that Ms. Norman had reason to be confused, particularly because she received correspondence from both Kemper Insurance Company regarding her workers’ compensation claim and from Kemper National Services, Inc., regarding her short-term disability claim. In spite of the confusion, the trial court judge determined that Ms. Norman’s case had prescribed. Specifically, the trial court judge stated:
Based on the evidence presented, it is easy to conclude that the claimant might have been confused and mislead about the handling of her claim for short-term disability and workers’ compensation.
However, the payment of short-term disability alone cannot interrupt prescription for indemnity.
Also, an omission or failure of Bell-South’s workers’ compensation division to fully investigate a worker’s compensa *343 tion claim does not interrupt prescription.

LAW AND ANALYSIS

Ms. Norman alleges that prescription was interrupted, in that she was led to believe that her claim was being processed as a workers’ compensation claim. Ms. Norman submits she reported the injury to BellSouth, she was assigned a workers’ compensation case manager, and she was given a workers’ compensation claim number from Kemper Insurance Company. Furthermore, Ms. Norman maintains that throughout her treatment, she forwarded all medical progress notes and medical reports to her workers’ compensation case manager. Accordingly, Ms. Norman submits that BellSouth and/or their insurer lulled her into a false sense of security causing her not to file a formal workers’ compensation claim until she was denied medical treatment in April of 2001.
14It is well settled that an employer and/or insurer who lulls the injured employee into a false sense of security, thus inducing forebearance in the prosecution of a compensation claim is estopped to plead prescription to the injured employee’s untimely suit. Landry v. Ferguson, 279 So.2d 185 (La.1973); Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972). In order to prove that tardiness in filing a claim was due to being lulled into a false sense of security, a workers’ compensation claimant must show that words, actions, or inactions on the part of the employer caused forbearance. Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2 Cir.1991); Keller v. Marathon Oil Co., 613 So.2d 795 (La.App. 5 Cir. 1993).
In order for prescription to be interrupted in this manner, it is not necessary to demonstrate that the employer intentionally misled the claimant as to the nature of the benefits being paid or the time period available for asserting a claim. Millican v.General Motors Corp., 34,207 (La.App. 2 Cir. 11/1/00), 771 So.2d 234, 235; Price v. Gas and Well Operating Service, 267 So.2d 598 (La.App. 3 Cir. 1972). However, it must be established that words, action, or inaction induced the claimant to withhold suit until the time for prescription had passed. Millican at 236; Brown v. Caddo Career Center, 28,111 (La. App. 2 Cir. 2/28/96), 669 So.2d 712, 714.
In Millican, interruption was found to have occurred because Mr. Millican believed he had filed a formal claim (though he had not) and that belief was fostered and encouraged by his employer’s representative telling him to “appeal” her decision denying him benefits. Thus, in Milli-can, affirmative statements were made which lulled the plaintiff into a false sense of security until after his claim had prescribed.
|/The court in Dupaquier, found that the plaintiff, after suffering a heart attack on the job, was led to believe that full sick leave benefits which he was receiving included workman’s compensation and that a suit for workman’s compensation would be premature. In overruling the City’s plea of prescription, the Court stated: “[t]he purpose of the one year prescriptive period is to protect employers from the burdensome litigation of stale claims. When, however, the employer lulls the employee into a false sense of security, causing him to withhold suit until after the period has expired, the employer cannot invoke the time bar to defeat compensation.”
In Wesley v. Claiborne Elec. Co-op., Inc., 446 So.2d 857, 860 (La.App. 2 Cir. 1984), the court held that where the employee reasonably thought the sick pay benefits he was receiving during his disability were actually workers’ compensa *344 tion benefits, the employee was lulled into a false sense of security sufficient to suspend the running of prescription.
In keeping with the general intent of the Workers’ Compensation Act, the jurisprudence has liberally construed the time limits for institution of a claim for benefits. Scott v. Walmart Stores, Inc. 03-0104 (La.App. 4 Cir. 7/2/03), 851 So.2d 1210; Millican; See generally, 14 H. Alston Johnson, Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice § 384 (3d ed.1994). Thus, prescription statutes, including La. R.S. 23:1209(A), are construed in favor of maintaining rather than barring actions. See, e.g., Taylor v. Liberty Mut. Ins. Co., 579 So.2d 443, 446 (La.1991).
In the present case, we find that Ms. Norman’s argument is supported by the evidence presented to the trial court. Specifically, Ms. Norman received a correspondence from Kemper Insurance Companies, dated January 13, 2000, [^explaining that the company was handling her workers’ compensation claim and assigning her a claim number (447 128745). Ms. Norman thereafter received a correspondence from Kemper National Services, informing her that the company was administering her short-term disability claim for BellSouth. Ms. Norman further introduced a letter from Kemper Insurance Companies to Dr. Bourgeois on January 26, 2001, requesting information from him with regard to Ms. Norman’s workers’ compensation claim (claim #447 128745).
The trial court judge recognized that Ms. Norman was confused and misled by the consolidated administration of Bell-South’s disability and workers’ compensation plans through Kemper Insurance Companies and Kemper National Services, yet failed to find that prescription was interrupted.
The evidence presented by Ms. Norman indicates that she received an affirmative assurance from Kemper Insurance Companies that a workers’ compensation claim was initiated on her behalf. Moreover, at no time was Ms. Norman ever informed that workers’ compensation had been denied or that her claim was being handled as a short-term disability claim instead of workers’ compensation. Under the facts presented in this case, and considering the liberal rules of construction afforded the workmen’s compensation statute, we find that the trial court ruling was manifestly erroneous and prescription was interrupted.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings in accordance with this ruling.
REVERSED AND REMANDED.

. Ms. Norman also suffers from Lupus, hypothyroidism, chronic obstructive pulmonary disease, phlebitis and migraine headaches.