971 So.2d 320 (2007)
Pat FAKOURI
v.
VOLUNTEERS OF AMERICA/NATIONAL HOUSING CORPORATION.
No. 2006 CA 2455.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
Charles L. Dirks, III, Baton Rouge, Counsel for Appellant Pat Fakouri.
*321 Kirk L. Landry, Baton Rouge, Counsel for Appellee Volunteers of America/National Housing Corporation.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING J.
Pat Fakouri, claimant in this workers' compensation proceeding, appeals a judgment sustaining the defendant's exception of prescription and dismissing her claim for medical benefits. Ms. Fakouri's claim had prescribed on its face, pursuant to La. R.S. 23:1209, because she had not filed the medical claim within one year after the alleged accident.
Ms. Fakouri here contends that the Office of Workers' Compensation Judge (WCJ) erred in failing to find that her employer and its workers' compensation carrier lulled her into a false sense of security, thereby inducing her to forgo filing her claim until the prescriptive period had expired. For the following reasons, we affirm the WCJ judgment.
The facts in this case are straightforward. Ms. Fakouri was injured while working for the Volunteers of America/National Housing Corporation. CNA Commercial Insurance (CNA) was its workers' compensation carrier. It is uncontested that Ms. Fakouri was injured on August 3, 2001, when a chair rolled out from under her and she fell to the floor. At the time of the accident, Ms. Fakouri filled out an incident report explaining the details of her accident and submitted it to CNA. Ms. Fakouri went to the hospital emergency room for x-rays and was diagnosed with "cervical strain."
On September 21, 2001, Ms. Fakouri received a letter from Nicole Russell, CNA workers' compensation carrier representative, acknowledging that CNA had received the initial report and assigning her a claim number. The letter states:
Type of Loss  [workers' compensation]  MEDICAL ONLY,
To more efficiently answer your question, or review correspondence with us, refer to the name and phone number above.
If you have any questions please feel free to call me at the number above.
Please use our claim number when corresponding with our office.
Ms. Fakouri's employment was terminated on December 12, 2002, over a year after the alleged accident. Ms. Fakouri was treated for her neck problems before and after the termination. Her medical insurance, rather than her workers' compensation insurance, paid for the visits until she was no longer covered under the group health plan.
On May 3, 2003, twenty-one months after the accident, Ms. Fakouri had a two-level cervical fusion and discectomy.[1] On July 10, 2003, she was declared to be totally disabled. On October 3, 2003, twenty-six months after the accident, she initiated these proceedings. Nothing in the record indicates that Ms. Fakouri notified CNA or her employer that this surgery was necessitated as a result of a work-related injury.
At a January 27, 2006 hearing, the WCJ ruled that Ms. Fakouri's claim had prescribed, because she did not prove that prescription had been interrupted. Nor was there a claim made or evidence of a developing injury.
Pursuant to La. R.S. 23:1209 C, all claims for medical benefits payable pursuant *322 to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
In Louisiana workers' compensation cases, an exception of "estoppel" has been recognized when an employee is lulled into a false sense of security by the employer/insurer and is induced to forgo the filing of the claim until the prescriptive period has expired. Harper v. Horseshoe Casino, 41,470, p. 4 (La.App. 2 Cir. 10/19/06), 942 So.2d 589, 594. In order to prove that tardiness in filing a claim was due to being lulled into a false sense of security, the claimant must show that the employer's words, actions, or inactions induced the claimant to withhold suit. Norman v. Bell South Telecommunications, 04-0797, p. 4 (La.App. 4 Cir. 10/27/04), 888 So.2d 340, 343.
To prove the estoppel defense as outlined in Harper, Ms. Fakouri was obligated to show that her employer or its workers' compensation carrier knew of the injury and that they induced her not to timely file her claim. But, there is nothing in the record to indicate that Ms. Fakouri ever contacted Nicole Russell with CNA or followed up on its letter written to her immediately following the accident. Neither does the record show that her employer was aware that she was still having problems from a work-related injury. The WCJ judge noted, and the record substantiates, that there was no proof that the employer had notice that Ms. Fakouri was missing work due to a work-related injury.[2]
The record is devoid of proof that either the employer or insurer was aware that Ms. Fakouri's condition was due to the fall she had in 2001. The record is also devoid of proof that Ms. Fakouri suffered a work-related injury that was not immediately manifested.
The WCJ judge said that Ms. Fakouri's testimony merely stated that "I used sick leave," which does not put the employer on notice that the sick leave is for injuries she sustained at work. The learned WCJ said, "I'm not supplied with any evidence today to explain to me what the procedure was for using sick leave, so all I have is her deposition where it says, `I used sick leave.' That does not let me know that the employer is put on notice that the sick leave is for her injuries that she sustain at work."
After a thorough review of the record herein, we conclude that the WCJ did not err in finding that Ms. Fakouri failed to meet her burden to show that prescription was interrupted or suspended. Specifically, the record does not establish that her medical bills were being paid in lieu of workers' compensation medical benefits. There is no evidence in the record that Ms. Fakouri's employer or its workers' compensation carrier lulled her into a false sense of security, which delayed her filing a timely claim.
Accordingly, the January 31, 2006 judgment of the WCJ dismissing the claim with prejudice is affirmed in accordance with *323 Uniform Rules-Courts of Appeal, Rule 2-16.1 B. All costs of this appeal are assessed against claimant, Pat Fakouri.
AFFIRMED.
NOTES
[1] There is no evidence of this treatment or surgery in the record other than Ms. Fakouri's testimony. These facts do not seem to be contested.
[2] Ms. Fakouri testified that her employer's health care provider paid for all medical visits. She also testified that her employer paid her full salary when she felt unable to work. She testified that her employer allowed her to go home and rest when her neck was bothering her.