The OWC later ruled that Mr. Mule's right to indemnity benefits had prescribed under the Louisiana Worker's Compensation Act, and that the estoppel exception to prescription was inapplicable. Mr. Mule's claim was dismissed with prejudice.
Mr. Mule timely filed the instant appeal. He raises two assignments of error:
1. The OWC judge erred in failing to calculate the prescriptive period from the date he became disabled under La. Rev. Stat. 23: 1031(E); and
2. The OWC judge erred in holding that the estoppel exception to prescription did not apply.
STANDARD OF REVIEW
The jurisprudence is well settled that in workers' compensation cases the appropriate standard of review to be applied by an appellate court in reviewing a WCJ's factual findings is the manifest error standard. Dean v. Southmark Constr. , 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117. The Supreme Court, in Stobart v. State through Dep't of Transp. & Dev. , 617 So.2d 880, 882 (La. 1993), explained the two-part test for the reversal of a factfinder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Thus, "[t]he reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." Id.
PRESCRIPTION
Mr. Mule asserts that his herniated disc is an occupational disease, and his disputed claim for compensation was timely filed within one year of the date he became disabled from firefighting under La. Rev. Stat. 23:1031.1 (E). The Appellee notes, however, that Mr. Mule did not raise this issue before the OWC. Therefore, it argues that he is precluded from raising this issue for the first time on appeal. We agree.
Pursuant to our review of the record, Mr. Mule failed to urge that his herniated disc is an occupational disease. Mr. Mule's arguments before the OWC centered upon the denial of his request for supplemental earnings benefits (SEBs) and that the Appellee should be estopped from raising prescription. He did not address having an occupational disease at trial, or in his pre-trial statement or post-trial memorandum.
"Pursuant to Rule 1-3, Uniform Rules-Courts of Appeal,[1] issues not raised in the district court will not be given consideration for the first time on appeal." Guillory v. City of New Orleans , 16-0638, p. 7 (La. App. 4 Cir. 8/2/17), 224 So.3d 1035, 1040, writ not considered , 18-0151 (La. 3/23/18), 238 So.3d 978 ; see also Scott v. Zaheri , 14-0726, p. 14 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 788 ("Generally, issues not raised in the trial court will not *455 be given consideration for the first time on appeal."). Moreover, because this issue was not raised below, the record is devoid of arguments and evidence for this Court to review related to this assignment of error. Therefore, we find that Mr. Mule is precluded from raising this assignment of error as the OWC did not have an opportunity to review this issue.[2]
ESTOPPEL
In the alternative, Mr. Mule asserts that the estoppel exception to prescription applies. He contends that he was induced by the Appellee's tender of full pay during each of his absences, which lulled him into a false sense of security about whether he should file a claim for indemnity benefits. The Appellee, in response, maintains that following July 24, 2009, all of the payments tendered to Mr. Mule were for his medical claims.
This Court has previously explained the applicability of estoppel in workers' compensation actions and what is required to prevail on an estoppel exception claim:
A workers' compensation claimant may avoid prescription by proving that his case falls under one of the 'refinements' or exceptions developed in the jurisprudence. 14 H. Alston Johnson, III, LA. CIV. L. TREATISE, WORKERS' COMPENSATION LAW AND PRACTICE § 384 (5th ed.). One such jurisprudential refinement is an estoppel exception that applies when an employer lulls an employee into a false sense of security or prevents an employee from timely filing his lawsuit. Causby v. Perque Floor Covering , 97-1235, p. 10 (La.1/21/98), 707 So.2d 23, 28 ; see also Millican [v. General Motors Corp. ,], 34,207 at p. 2, [ (La.App. 2 Cir. 11/1/00) ], 771 So.2d [234,] 235-36 ; Dupaquier v. City of New Orleans , 260 La. 728, 734, 257 So.2d 385, 387-88 (1972).
To invoke the estoppel exception, the claimant is required to establish that the employer's words, action, or inaction induced him to withhold suit until the prescriptive period has elapsed. Rambin v. Shreveport Refrigeration, Inc. , 39,592, p. 9 (La.App. 2 Cir. 05/04/05), 902 So.2d 1129, 1135 (quoting Millican , 34,207 at p. 4, 771 So.2d at 236 ); Norman v. BellSouth Telecommunications , 04-0797, p. 4 (La.App. 4 Cir. 10/27/04), 888 So.2d 340, 343 (citing Millican, supra .). The claimant is not required to establish that the employer intentionally misled him as to the nature of the benefits being paid or as to the time period available for asserting a claim. Id. When the claimant meets his burden to establish that the estoppel exception applies, "prescription is suspended or, more accurately, the employer or insurer is simply estopped to raise it as a defense." 14 H. Alston Johnson III, LA. CIV. L. TREATISE, WORKERS' COMPENSATION LAW AND PRACTICE § 384 (5th ed.).
Safford v. Hammerman & Gainer Int'l, Inc. , 16-0209, pp. 7-8 (La. App. 4 Cir. 7/20/16), 198 So.3d 227, 233-34, writ granted , 16-1591 (La. 12/16/16), 211 So.3d 1165, order recalled , 16-1591 (La. 5/3/17), 224 So.3d 946, and writ denied as improvidently granted , 16-1591 (La. 5/3/17), 224 So.3d 946.
Moreover, the OWC, citing Broussard v. Citgo Petroleum Corp. , 834 So.2d 1282 (La. App. 3 Cir. 2002) and Dupaquier v. New Orleans, 260 La. 728, 257 So.2d 385 (1972) ), noted that "[t]he Louisiana Supreme Court has held that 'payment of *456 wages in lieu of compensation interrupts prescription for workers' compensation claims because such payments lull workers into not filing their claims within the prescriptive period. Wages in lieu of compensation are defined as unearned wages paid to an employee after an injury.' " In Dupaquier , the Supreme Court held that where a plaintiff reasonably believed that the sick leave benefits he was receiving included workers' compensation, his employer was estopped from invoking the time bar under La. R.S. 23:1209. Dupaquier, 260 La. at 734-35, 257 So.2d at 387.
In the matter sub judice , Mr. Mule waited more than seven years after this May 22, 2009 injury to pursue his claim for indemnity benefits. The OWC, having reviewed the record, exhibits and listening to the testimony of Mr. Mule and Ms. Bradbury, held that Mr. Mule did not establish that he was lulled into not filing a claim within the prescriptive period under the totality of the circumstances. We do not find that the OWC manifestly erred in so holding under the facts and evidence presented.
There is no indication that the Appellee induced Mr. Mule either intentionally or unintentionally into waiting any length of time to pursue his indemnity claim. Considering that "[t]he purpose of the one year prescriptive period is to protect employers from the burdensome litigation of stale claims," we uphold the judgment of the OWC. Dupaquier , 260 La. at 734, 257 So.2d at 387.
DECREE
For the foregoing reasons, the March 2, 2018 judgment of the Office of Worker's Compensation is affirmed.
AFFIRMED

Rule 1-3, Uniform Rules-Courts of Appeal, states in pertinent part that "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise."

Moreover, we note that counsel for Mr. Mule stated at trial, "I mean, we can stipulate, but I think the claim is prescribed under the law. It's just a question of whether or not they should be stopped from raising prescription." Pursuant to La. Rev. Stat. 23:1209(A), Mr. Mule had to file his claim either within one year of the date of his work-related accident or within one year of the date the last worker's compensation payment was made.