796 So.2d 827 (2001)
Grayling Paul RICHARDSON
v.
TYSON FOODS.
No. 01 00427-WCA.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*828 Eugene A. Ledet, Jr., Rivers, Beck, Dalrymple & Ledet, Alexandria, LA, Counsel for Plaintiff/Appellant: Grayling Paul Richardson.
Shannon Seiler Dartez, Hurlburt, Privat & Monrose, Lafayette, LA, Counsel for Defendant/Appellee: Tyson Foods.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
PETERS, J.
Grayling Paul Richardson brought this workers' compensation action against his employer, Tyson Foods (Tyson), to recover benefits associated with a work accident which he claims occurred in Leesville, Louisiana, on May 17, 1999. In his claim filed with the Louisiana Office of Workers' Compensation on July 25, 2000, Richardson asserted Tyson had paid no indemnity benefits and had neither provided nor authorized any medical treatment as a result of his accident. Tyson responded to the claim by filing a peremptory exception of prescription, which the workers' compensation judge granted, dismissing Richardson's claim. Richardson appeals the grant of the exception.
The workers' compensation judge held a hearing on the prescription exception on January 29, 2001. At that hearing, Richardson testified that, prior to May 17, 2000, he discussed his claim with his supervisor, who referred him to Linda Stewart, the claims representative for Tyson's insurer. According to Richardson, Ms. Stewart responded to his telephone call by mailing him an "application," which he completed and returned to her in accordance with her instructions. However, Richardson did not introduce a copy of this "application" into evidence, and we do not know the nature or contents of the document.
Richardson did introduce a letter to him from Ms. Stewart dated May 12, 2000. Attached to the letter was a copy of Texas Workers' Compensation Commission Form TWCC-21, which bears the caption "PAYMENT OF COMPENSATION OR NOTICE OF REFUSED/DISPUTED CLAIM." The form identifies Tyson as Richardson's employer; states the place and date of the alleged injury as Leesville, Louisiana, on May 17, 2000;[1] asserts that the employer received written notice of the alleged injury on May 9, 2000;[2] and states the employer's refusal to pay benefits. Tyson stated its reasons for its refusal to pay benefits as follows:
Certified self-insured disputes entitlement to disability and/or medical benefits because claimant chose by election of remedies to treat with a Charity Hospital at no expense therefore taking control. Any other allegations are a direct result of either non-occupational or preexisting conditions. No claim was filed with the Commission within one year from the date of injury and no good cause has been shown. No medical documentation has been received to support a work related injury.
In the May 12, 2000 letter, Ms. Stewart informed Richardson that the form had been filed with the Texas Workers' Compensation Commission and explained: "If *829 you disagree with our position on your claim, you have the right to request a Benefit Review Conference before the Texas Workers' Compensation Commission." Richardson admits that he did not request any relief from the Texas Workers' Compensation Commission and that he did not file a claim with the Louisiana Office of Workers' Compensation until July 25, 2000.
The litigants agree that Louisiana, not Texas, is the proper forum for this action. Pursuant to La.R.S. 23:1209(A) and (C), where no workers' compensation benefits have been paid or where there has been no agreement upon the payments to be made, all claims for the payment of indemnity benefits and medical benefits are barred unless within one year after the accident a formal claim has been filed.[3] Generally, the party pleading prescription bears the burden of proof on the issue. Gray v. Mounir, 99-538 (La.App. 3 Cir. 11/3/99); 746 So.2d 746. However, where the claimant's petition has clearly prescribed on its face, the burden of proof shifts to the claimant to show that prescription has been interrupted or suspended. Id.
In the instant case, Richardson's claim has clearly prescribed on its face. Thus, he bears the burden of proving that prescription was interrupted or suspended. In attempting to overcome that burden, Richardson asserts that he timely filed a claim with the Texas Workers' Compensation Commission by returning the "application" to Ms. Stewart pursuant to her instructions. The workers' compensation judge rejected this argument, stating that he found no evidence "that Mr. Richardson had formerly filed any claim with the Texas Workers' Compensation Commission." On appeal, Richardson contends that the workers' compensation judge was clearly wrong in his factual finding in this regard.
Louisiana Civil Code Article 3462 provides in pertinent part:
Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
Richardson admits in his appellate brief that the Texas Workers' Compensation Commission was "an incompetent Court to hear this workers' compensation matter." Even so, there is no evidence that Tyson was ever served by process within the prescriptive period. Importantly, Richardson's filing of an "application" with Ms. Stewart, the claims representative, did not constitute the commencement of an action in a court. Further, Richardson specifically admitted at trial that he did not contact the Texas Workers' Compensation Commission at any time. As set forth above, Richardson had the burden of proving interruption of prescription. We hold that the workers' compensation judge was not clearly wrong in finding that Richardson failed to prove that he filed a claim with the Texas Workers' Compensation Commission that interrupted prescription.
In the alternative, Richardson contends that the facts of this case warrant application of the doctrine of contra non valentem to suspend prescription. The supreme *830 court has recognized four categories of contra non valentem:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
(4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Causby v. Perque Floor Covering, 97-1235, pp. 4-5 (La.1/21/98); 707 So.2d 23, 24-25. In his appellate brief, Richardson contends: "The facts of this case conceivably falls [sic] within categories 2, 3 and 4. Regarding category number 3, it was Tyson Foods who provided the Texas Workers' Compensation Commission forms, an act which effectually prevented [him] from availing himself of his cause of action, i.e. a timely filed compensation claim in the State of Louisiana." Although Richardson alluded to categories two and four in his brief, he made no argument regarding those categories, and therefore we will not consider them.
In Causby, the supreme court explained:
In workers' compensation cases, this Court has applied the doctrine of contra non valentem to suspend prescription in certain situations based on conduct of the employer or employer's representative which effectually prevents the employee from filing his claim. In Landry v. Ferguson, an uneducated farm laborer did not file his suit timely because his employer assured him that he would take care of him. 279 So.2d 185 (La.1973). We held that "an employer who lulls an injured employee into a false sense of security by promising to `take care' of him cannot later interpose a plea of prescription to the plaintiffs untimely suit for workmen's compensation benefits." Id. at 187. In Nathan v. Carter, [372 So.2d 560 (La.1979) ] the employer's claims manager told the deceased employee's widow that they would conduct a full investigation and that after the investigation, she would be given a lump sum settlement. The claims manager also told the widow not to hire an attorney, warning her that if she did, her benefits would be terminated. We held that the widow's untimely suit had not prescribed because the defendant committed an intentional act of fraud or misrepresentation designed to hinder, impede, or prevent plaintiffs from asserting their cause of action or lull them into a false sense of security. 372 So.2d at 563. See also Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972) (prescription interrupted where plaintiff was led to believe that full sick leave benefits he was receiving included workers' compensation benefits).
Numerous court of appeal cases have recognized that prescription can be suspended in workers' compensation cases when the employer lulls the employee into a false sense of security, thus justifying the employee's delay in filing suit, but most courts have rejected that argument based on the facts of the particular case. See Davis v. Brown's Velvet Dairy Products, 43 So.2d 266 (La.App.Orleans 1949) (vague, general and indefinite allegations that the employer promised to take care of the employee are insufficient to interrupt the running of prescription); Green v. Grain Dealers Mutual Insurance Co., 144 *831 So.2d 685 (La.App. 4th Cir.1962) (prescription not suspended where claims adjuster mistakenly told employee that he had two years to file his claim as there is no duty on the part of the adjuster to advise the employee correctly on the Louisiana law of prescription); Williams v. Red Barn Chemicals, Inc., 188 So.2d 78 (La.App. 1st Cir.1966) (promise by the employer to investigate and communicate with plaintiff regarding his claim does not suspend prescription); Drane v. City of New Orleans, 328 So.2d 752 (La.App. 4th Cir.1976) (a statement by an employer's representative that the employee has no valid workers compensation claim is entirely different than a statement that the employee will be taken care of and serves to notify the employee that he cannot rely on receiving compensation without suit and must seek legal advice or pursue his claim otherwise than through amicable settlement with the employer); Johnson v. Morton Salt Co., 377 So.2d 549 (La.App. 3rd Cir.1979) (employee not lulled into believing that the sickness and accident benefits he was receiving were actually workers' compensation benefits); Keller v. Marathon Oil Co., 613 So.2d 795 (La.App. 5th Cir.1993) (employer's payment of sick leave benefits did not mislead employee into a false sense of security sufficient to suspend prescription); Lee v. East Baton Rouge Parish School Board, 623 So.2d 150 (La.App. 1st Cir.), writ den., 627 So.2d 658 (La.1993) (a statement by the employer's representative that the employee has no valid claim should serve to notify the employee that she cannot rely on receiving compensation without suit and that she must pursue her claim otherwise than through amicable settlement with the employer); Bledsoe v. Willowdale Country Club, 94-CA-234 (La.App. 5th Cir.9/27/94), 643 So.2d 1302 (no showing that employer lulled employee into false sense of security to induce him to withhold suit); Williams v. William Wrigley, Jr., Co., 94-CA-370 (La.App. 5th Cir.11/16/94), 646 So.2d 1092, writ den., 95-0373 (La.4/7/95), 652 So.2d 1346 (employer did not lull employee into false sense of security by continuing settlement negotiations prior to and subsequent to the date of prescription where there was no evidence that employee was misled into believing that his claim would not prescribe); Siemssen v. Manpower Temporary Services, 95-CA-80 (La.App. 5th Cir.5/30/95), 656 So.2d 1115 (employer's payment of disability insurance benefits did not lull employee into false sense of security so as to suspend prescription); Brown v. Caddo Career Center, 28,111 (La.App. 2nd Cir.2/28/96), 669 So.2d 712, writ den., 96-1042 (La.5/31/96), 674 So.2d 262 (receipt of disability benefits instead of workers' compensation benefits did not lull employee into false sense of security).
The factual scenarios in cases where courts have found that the running of prescription has been suspended by the actions of the employer in lulling the employee into a false sense of security are much different than the facts presented in this case. As discussed earlier, in Nathan v. Carter, the claims manager assured the claimant that a full investigation would be conducted after which the claimant would be given a lump sum settlement and actually threatened the claimant that if she hired an attorney, her benefits would be terminated. 372 So.2d at 562. In Wesley v. Claiborne Elec. Co-op., Inc., the court held that where the employee reasonably thought the sick pay benefits he was receiving during his disability were actually workers' compensation benefits, the employee was lulled into a false *832 sense of security sufficient to suspend the running of prescription. 446 So.2d 857, 860 (La.App. 2nd Cir.1984), writ den., 450 So.2d 955 (La.1984). In Baker v. Grinnell Fire Protection Systems, Inc., the court found that the defendant's adjuster led the plaintiffs attorney into a good faith belief that, pending the receipt of all medical reports, the claim would remain viable and that filing of a lawsuit was unnecessary. 487 So.2d 700, 703 (La.App. 5th Cir.1986), writ den., 493 So.2d 639 (La.1986).

Until the court of appeal opinion in this case, no reported Louisiana decision has held that an employee has been lulled into a false sense of security which would justify delay in filing a workers' compensation claim where the employer or claims adjuster tells the employee that he is not entitled to further benefits. In this situation, far from being lulled into a false sense of security that he will receive benefits, the employee is told, perhaps even in error, that he has no claim for benefits. At that point, the employee is put on notice that his only avenue for recovery is to hire an attorney and file suit within the established time limits. It is unreasonable for the employee to think that he can sit on his rights indefinitely until an attorney tells him he is actually entitled to benefits. We agree with the following reasoning of the Fourth Circuit opinion in Drane v. City of New Orleans, supra, authored by now Justice Lemmon:
A statement by the employer's representative that the employee has no valid claim is entirely different from one that the employee will be taken care of (as in Landry v. Ferguson, La., 279 So.2d 185 (1973)), or one that compensation will be paid without suit. The latter statements to the employee indicate that the employer has recognized the claim, and an employee alleging late filing on account of such statements would assert a cause of action to estop the employer from pleading prescription.

However, a statement by an employer's representative that the employee has no valid claim is the equivalent of the employer's denial of the claim. Such a statement would serve to notify the employee that he cannot rely on receiving compensation without suit and that he must seek legal advice or pursue his claim otherwise than through amicable settlement with the employer.
328 So.2d at 754.
Id. at 25-27 (emphasis added) (footnote omitted).
In response to the Form TWCC-21's preprinted question about the insurance carrier's first written notice of the injury, a date of May 9, 2000, was given. By letter dated May 12, 2000, Ms. Stewart clearly informed Richardson of the refusal of his claim. As we appreciate his testimony, after Richardson received the May 12, 2000 letter from Ms. Stewart, he had a conversation with her in which she informed him further that he had "filed in the wrong state and that she was going to be sending [him] some more paperwork to file it in the state that [he] worked in." He testified, however, that he did not receive these documents from Ms. Stewart but contacted the Louisiana Office of Workers' Compensation, which sent him documents.
As stated in Causby, in this situation, far from being lulled into a false sense of security that he would receive benefits, Richardson was unequivocally placed on notice that his claim for benefits was being refused. At that point, Richardson was put on notice that his only avenue for *833 recovery was to hire an attorney and file suit within the established time limits. Ms. Stewart's statement that she would be sending Richardson paperwork to file his claim in Louisiana was in the nature of an accommodation to him and did not serve to lull him into a false sense of security that his employer would be paying his workers' compensation claim. In Causby, the supreme court held that a statement by an adjuster that the employee was entitled to no further benefits did not fall within the limited exception that statements by an employer that lull the employee into a false sense of security or prevent him from timely filing suit will suspend prescription. In Green v. Grain Dealers Mutual Insurance Co., 144 So.2d 685 (La.App. 4 Cir. 1962), as cited by the court in Causby, the fourth circuit held that prescription was not suspended where a claims adjuster erroneously told the plaintiffs that they had two years to file suit, because there is no duty on the part of an adjuster to advise a plaintiff correctly on the Louisiana law of prescription. Likewise, in the instant case, we hold that there was no duty on the part of Ms. Stewart to provide Richardson with correct claim forms. Thus, we find no manifest error in the workers' compensation judge's finding that Richardson failed to prove that prescription was suspended through the doctrine of contra non valentem.

DISPOSITION
For the foregoing reasons, we affirm the judgment granting Tyson Foods' exception of prescription. We tax all costs of this appeal to Grayling Paul Richardson.
AFFIRMED.
NOTES
[1] The reference to the accident date is an obvious typographical error because the accident is alleged to have occurred on May 17, 1999, and not 2000.
[2] Because there is no evidence of any other written document being sent to Tyson by Richardson, we conclude that this written notice is the "application" solicited by Ms. Stewart in her telephone conference with Richardson.
[3] Additionally, concerning indemnity benefits, La.R.S. 23:1209(A) provides: "[W]hen the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."