815 So.2d 895 (2002)
Michael J. FONTENOT
v.
REDDELL VIDRINE WATER DISTRICT, et al.
No. 00-0762.
Court of Appeal of Louisiana, Third Circuit.
January 9, 2002.
Michael B. Miller, Miller & Miller, Crowley, LA, Counsel for Plaintiff/Appellee Michael J. Fontenot.
Sammie M. Henry, Egan, Johnson & Stiltner, Baton Rouge, LA, Counsel for Defendants/Appellants Louisiana Workers' Compensation Corporation, Reddell Vidrine Water District.
*896 Court composed of NED E. DOUCET, JR., Chief Judge; HENRY L. YELVERTON; ULYSSES GENE THIBODEAUX; SYLVIA R. COOKS; JOHN D. SAUNDERS; BILLIE COLOMBARO WOODARD; OSWALD A. DECUIR; JIMMIE C. PETERS; MARC T. AMY; MICHAEL G. SULLIVAN; GLENN B. GREMILLION; and ELIZABETH A. PICKETT, Judges.
EN BANC.
We revisit this case en banc on remand from the supreme court to reconcile our ruling in this case with our ruling in Haynes v. Williams Fence & Aluminum, 01-0026 (La.App. 3 Cir. 7/25/01), 805 So.2d 215, regarding the interpretation of the penalty provision of La.R.S. 23:1201(F). In our original opinion, Fontenot v. Reddell Vidrine Water District, 00-0762 (La. App. 3 Cir. 2/21/01), 780 So.2d 1197, a divided five-judge panel of this court held that, while an employee may receive a separate penalty for a violation in regard to an indemnity benefits claim and a separate penalty for a violation in regard to a medical benefits claim, the employee in the case at bar was entitled to receive only one penalty for the insurer's failure in two respects regarding indemnity benefits, i.e., its miscalculation of indemnity benefits and its improper reduction of those benefits. Subsequently, in Haynes, another panel of this court, faced with the same issue, adopted the dissenting opinion in Fontenot, permitting multiple penalties for multiple violations regarding indemnity and medical benefits claims. Thereafter, in Fontenot v. Reddell Vidrine Water District, 01-0752 (La.10/26/01), 798 So.2d 951, the supreme court vacated our earlier ruling and remanded the case to us to render judgment anew after reconciling our conflicting rulings.
After considering our conflicting rulings, we choose to adhere to our ruling in Haynes, allowing for multiple penalties for multiple violations regarding indemnity and medical benefits claims. Thus, we reverse the ruling of the original five-judge panel on this issue and now affirm the workers' compensation judge's award of a $2,000.00 penalty for the miscalculation of the initial temporary total disability rate and a $2,000.00 penalty for the improper reduction of the temporary total disability benefits to supplemental earnings benefits. Pursuant to the supreme court's instructions in the remand of this matter, we address only the penalty issue presented by the interpretation of La.R.S. 23:1201(F) and do not consider the other issues raised in the initial appeal. However, this decision has the effect of affirming the original trial judgment in its entirety as the penalty issue was the only issue of disagreement when the matter was first decided by this court.
AFFIRMED.
DOUCET, C.J., DECUIR, AMY. SULLIVAN and GREMILLION, JJ., dissent.
WOODARD, J., concurs in the result.
See her dissent in LeJeune v. Trend Services, Inc., 96-0550 (La.App. 3 Cir. 6/4/97), 699 So.2d 95.