STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**04-1089**


MICHAEL J. FONTENOT

VERSUS

REDDELL VIDRINE WATER DISTRICT


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 04-02033
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**OSWALD A. DECUIR
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**Peters, J., dissents and assigns reasons.**

                                                                **AFFIRMED.**

**Michael B. Miller**
**Attorney at Law**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellant:**
         **Michael J. Fontenot**

**Sammie M. Henry**
**Johnson, Stiltner & Rahman**
**2237 S. Acadian Thruway**
**Baton Rouge, LA 70808**
**(225) 231-0916**
**Counsel for Defendant/Appellee:**
         **Reddell Vidrine Water District**
         **Louisiana Workers' Compensation Corporation**

**DECUIR, Judge.**

Claimant appeals a determination by the workers' compensation judge that his claim for indemnity benefits had prescribed.

### FACTS & PROCEDURAL HISTORY

Fontenot was injured while working as a meter reader for Reddell Vidrine Water District on October 7, 1997. Fontenot filed a claim for benefits in 1999, and judgment was entered on January 25, 2000, awarding him weekly compensation benefits at the rate of $244.73 per week and penalties and attorney fees. In a previous appeal, those penalties and attorney fees were reduced by a panel of this court. *Fontenot v. Reddell Vidrine Water Dist.*, 00-762 (La.App. 3 Cir. 2/21/01), 780 So.2d 1197. After remand from the supreme court, we affirmed the award of penalties and attorney fees in an en banc decision. *Fontenot v. Reddell Vidrine Water Dist.*, 00-762 (La.App. 3 Cir. 1/9/02), 815 So.2d 895. On January 14, 2003, the Supreme court rendered judgment also affirming the award. *Fontenot v. Reddell Vidrine Water Dist.*, 02-0439 (La.2003) 836 So.2d 14.

During the appeal process, Fontenot was released to light-duty work with Reddell at a wage higher than his pre-injury wage. His last SEB payment was April 10, 2000, but he continued receiving medical treatment during this period and worked until he underwent back surgery on March 2, 2004. Fontenot requested indemnity benefits after his surgery, and Reddell declined. Fontenot filed a disputed claim on March 19, 2004. Reddell filed an exception of prescription, which was granted by the workers' compensation judge. This appeal ensued.

### PRESCRIPTION

On appeal, Fontenot alleges that the workers' compensation judge erred in granting the exception of prescription.

In a markedly similar case, the Supreme court said La.R.S. 23:1209(A) "is the only prescriptive period setting forth the amount of time a worker has to file a claim for benefits." *Dufrene v. Video Co-Op*, 02-1147, p. 10 (La. 4/9/03), 843 So.2d 1066, 1073. Section 1209 provides in pertinent part:

> § 1209. Prescription; timeliness of filing; dismissal for want of prosecution
>
> A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

(Footnote omitted.)

In *Dufrene,* the employee was injured and received TTD benefits for about four months. Thereafter, she received medical benefits for two and one-half years, at which time she had neck surgery. She then filed a claim for indemnity benefits, and the employer filed an exception of prescription. The court found that the claimant's action had not prescribed.

In the present case, Fontenot did not file until nearly four years after the last payment of indemnity benefits. Under the statute, his claim is prescribed on its face. We are not persuaded by Fontenot's argument that prescription is governed by the articles on enforcement of judgments because he is seeking to enforce the previous judgment rather than initiating a claim. To hold such would be to create an artificial

2

distinction between claims voluntarily paid and those ordered by the workers' compensation judge and create a disincentive for employers to assert their rights. Such a position would be inconsistent with *Dufrene* in that it would create two separate prescriptive periods. Likewise, we find no merit to Fontenot's argument that prescription was interrupted because he could not act to file a claim due to the fact that he was employed at a wage greater than his pre-injury wage. Such a circumstance is clearly contemplated by the statute.

## CONCLUSION

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceeding are taxed to the claimant, Michael Fontenot.

**AFFIRMED.**

NUMBER 04-1089

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

MICHAEL J. FONTENOT

VERSUS

REDDELL VIDRINE WATER DISTRICT

PETERS, J., dissenting.

Both the workers' compensation judge (WCJ) and the majority rely on the provisions of La.R.S. 23:1209(A) to conclude that Michael Fontenot's claim for benefits against his employer, Reddell Vidrine Water District (Water District), has prescribed. I respectfully disagree with the application of this particular statute to the facts of the case.

The procedural history of this litigation is not at issue and is set forth in the majority opinion. Importantly, the WCJ awarded Fontenot indemnity benefits on January 25, 2000, which award was ultimately affirmed by the supreme court. During the appellate process, Fontenot returned to work for the Water District in a light-duty capacity, yet at higher wages than his pre-injury wages. Accordingly, the Water District paid weekly benefits until April 10, 2000, although the Water District continued to pay the medical expenses arising from the accident. However, on March 2, 2004, almost four years after the Water District's last payment of supplemental earnings benefits, Fontenot underwent back surgery and was unable to return to even light-duty work. When he requested that his indemnity benefits be reinstated, the Water District refused, and Fontenot timely filed a disputed claim. Thereafter, the

WCJ granted the Water District's prescription exception, and this appealed followed.

As pointed out by the majority, the supreme court has made it clear that La.R.S. 23:1209(A) provides "the only prescriptive period setting forth the amount of time a worker has to *file a claim* for benefits." *Dufrene v. Video Co-Op*, 02-1147, p. 10 (La. 4/9/03), 843 So.2d 1066, 1073 (emphasis added). In *Dufrene*, the issue involved whether, after indemnity benefits are terminated, an employee has three years under La.R.S. 23:1209(A) to apply for supplemental earnings benefits or whether the two-year period of La.R.S. 23:1221(3)(d)(i) applies. In *Dufrene*, the employee's injuries occurred in the course and scope of her employment, and her employer voluntarily paid temporary total disability benefits for almost four months after she sustained her injuries. Thereafter, the employer paid no indemnity benefits, but continued to pay medical expenses. More than two but less than three years after the termination of indemnity benefits, the employee filed a claim for supplemental earnings benefits. In reversing the WCJ's grant of the exception of prescription, the supreme court made the statement quoted above.

The supreme court's holding in *Dufrene* is certainly binding on this court. However, I find the matter before us to be distinguishable from that decision. In *Dufrene*, the employee had not obtained a judgment against her employer. Rather, the employee's claim arose after the employer had voluntarily made payments and then unilaterally stopped those payments. In the matter before us, there is no unresolved claim or voluntary payment involved. Fontenot has the benefit of a final judgment awarding him benefits. This fact distinguishes the case from the holding in *Dufrene* and requires a reversal of the grant of the prescription exception.

Once Fontenot obtained the final judgment awarding benefits, La.R.S.

2

23:1209(A) no longer applied. Instead, in my opinion, the matter is governed by the provisions of La.R.S. 23:1310.8, which relates to the continuing jurisdiction of the WCJ. Louisiana Revised Statutes 23:1310.8(B) specifically provides:

> Upon the application of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

Although it offered Fontenot light-duty work rather than continue to pay indemnity benefits, the Water District took no steps to have that condition change recognized by the WCJ. Therefore, the prior judgment remains in full force and effect, and the Water District cannot ignore its effect by claiming that Fontenot's claim has prescribed. To rule otherwise would open the workers' compensation system to the possibility of abuse. An employer or insurer who is subject to a judgment awarding benefits can simply circumvent the long-term effects of the judgment by providing "light-duty" employment for three years and then dismissing the injured employee, leaving him without recourse. I would reverse the grant of the exception of prescription and remand the matter to the WCJ for further proceedings.