pDECUIR, Judge.
Claimant appeals a determination by the workers’ compensation judge that his claim for indemnity benefits had prescribed.
FACTS & PROCEDURAL HISTORY
Fontenot was injured while working as a meter reader for Reddell Vidrine Water District on October 7, 1997. Fontenot filed a claim for benefits in 1999, and judgment was entered on January 25, 2000, awarding him weekly compensation benefits at the rate of $244.73 per week and penalties and attorney fees. In a previous appeal, those penalties and attorney fees were reduced by a panel of this court. Fontenot v. Reddell Vidrine Water Dist, 00-762 (La.App. 3 Cir. 2/21/01), 780 So.2d 1197. After remand from the supreme court, we affirmed the award of penalties and attorney fees in an en banc decision. Fontenot v. Reddell Vidrine Water Dist., 00-762 (La.App. 3 Cir. 1/9/02), 815 So.2d 895. On January 14, 2003, the Supreme court rendered judgment also affirming the award. Fontenot v. Reddell Vidrine Water Dist., 02-0439 (La.2003) 836 So.2d 14.
During the appeal process, Fontenot was released to light-duty work with Red-dell at a wage higher than his pre-injury wage. His last SEB payment was April 10, 2000, but he continued receiving medical treatment during this period and worked until he underwent back surgery on March 2, 2004. Fontenot requested indemnity benefits after his surgery, and Reddell declined. Fontenot filed a disputed claim on March 19, 2004. Reddell filed an exception of prescription, which was granted by the workers’ compensation judge. This appeal ensued.
PRESCRIPTION
On appeal, Fontenot alleges that the workers’ compensation judge erred in granting the exception of prescription.
|2In a markedly similar case, the Supreme court said La.R.S. 23:1209(A) “is the only prescriptive period setting forth the amount of time a worker has to file a claim for benefits.” Dufrene v. Video Co-Op, 02-1147, p. 10 (La.4/9/03), 843 So.2d 1066, 1073. Section 1209 provides in pertinent part:
§ 1209. Prescription; timeliness of filing; dismissal for want of prosecution
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after *403 the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
(Footnote omitted.)
In Dufrene, the employee was injured and received TTD benefits, for about four months. Thereafter, she received medical benefits for two and one-half years, at which time she had neck surgery. She then filed a claim for indemnity benefits, and the employer filed an exception of prescription. The court found that the claimant’s action had not prescribed.
In the present case, Fontenot did not file until nearly four years after the last payment of indemnity benefits. Under the statute, his claim is prescribed on its face. We are not persuaded by Fontenot’s argument that prescription is governed by the articles on enforcement of judgments because he is seeking to enforce the previous judgment rather than initiating a claim. To hold such would be to create an artificial | ^distinction between claims voluntarily paid and those ordered by the workers’ compensation judge and create a disincentive for employers to assert their rights. Such a position would be inconsistent with Dufrene in that it would create two separate prescriptive periods. Likewise, we find no merit to Fontenot’s argument that prescription was interrupted because he could not act to file a claim due to the fact that he was employed at a wage greater than his pre-injury wage. Such a circumstance is clearly contemplated by the statute.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. All costs of these proceeding are taxed to the claimant, Michael Fontenot.
AFFIRMED.
PETERS, J., dissents and assigns reasons.