STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-124

DONALD LEE FRANCIS

VERSUS

HOME FURNITURE COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 15-00076
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Phyllis M. Keaty, Judges.

AFFIRMED.

Travis R. LeBleu
Maricle & Associates
III United Plaza, Suite 350
8545 United Plaza Boulevard
Baton Rouge, LA   70809-0201
(225) 924-9585
COUNSEL FOR DEFENDANTS/APPELLEES:
      Home Furniture Company
      The Standard Fire Insurance Company

Donald Lee Francis
337 Cooper Drive
Lafayette, LA   70501
(337) 281-3295
IN PROPER PERSON

**AMY, Judge.**

Alleging that he suffered various injuries in the course and scope of his employment, the claimant sought workers' compensation benefits. The employer filed an exception of prescription. After a hearing, the workers' compensation judge found that the claimant's action had prescribed and dismissed the case. The claimant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The record indicates that the claimant, Donald Lee Francis, was employed by the defendant, Home Furniture Company, between August 10, 2012, and May 27, 2013. On December 16, 2014, Mr. Francis filed a disputed claim for compensation form, seeking workers' compensation benefits for several injuries he alleged that he incurred in the course and scope of his employment.[1] The record indicates that Mr. Francis was seeking benefits in relation to: 1) rashes that he alleged were the result of gases he was exposed to at Home Furniture; 2) an insect bite on the back of his head; 3) an injury to his foot caused by a heavy metal plate dropping on his foot; and 4) mental stress caused by his job environment. Home Furniture and The Standard Fire Insurance Company subsequently filed an exception of prescription. After a hearing, the workers' compensation judge found that the claims for which Mr. Francis was seeking benefits had prescribed.

Mr. Francis appeals, asserting that the workers' compensation judge erred in granting the exception of prescription.

---

[1] Mr. Francis originally filed a disputed form for compensation on December 16, 2014, which named Home Furniture as the "employee" and did not contain Mr. Francis' personal information. Mr. Francis subsequently filed another disputed claim for compensation on December 29, 2014. All parties referenced the December 29, 2014 filing date at the hearing. However, we conclude that whether Mr. Francis' disputed claim for compensation was considered filed on December 16 or December 29 does not change the analysis with regard to whether his claims have prescribed.

## Discussion

In workers' compensation cases, prescription is governed by La.R.S. 23:1209. *See Fontenot v. Reddell Vidrine Water Dist.*, 04-1089 (La.App. 3 Cir. 12/8/04), 889 So.2d 401, *writ denied*, 05-77 (La. 3/18/05), 896 So.2d 1009. That statute states, in relevant part:

> A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident[2] or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.

> (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).

> (3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within three years from the date of the accident.

> (4) However, in all cases described in Paragraph (3) of this Subsection, where the proceedings have begun after two years from the date of the work accident but within three years from the date of the work accident, the employee may be entitled to temporary total disability benefits for a period not to exceed six months and the payment of such temporary total disability benefits in accordance with this Paragraph only shall not operate to toll or interrupt prescription as to any other benefit as provided in R.S. 23:1221.

La.R.S. 23:1209.

---

[2] Pursuant to La.R.S. 23:1021(1), an "accident" is "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." Finding that the employer's exception of prescription resolves the issues herein, we do not address whether the claimant's injuries qualify as "accidents" pursuant to that statute.

The party pleading prescription generally bears the burden of proof. *Richardson v. Tyson Foods*, 01-427 (La.App. 3 Cir. 10/3/01), 796 So.2d 827. However, the burden of proof shifts to the claimant to show that prescription has been interrupted or suspended when the claimant's petition has clearly prescribed on its face. *Id.* Further, pursuant to the "developing injury rule," "an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the *disabling* injury, rather than from the first appearance of symptoms or from the first date of treatment." *Sevin v. Schwegmann Giant Supermarkets, Inc.*, 94-1859, p. 4 (La. 4/10/95), 652 So.2d 1323, 1326.

Here, at the hearing on the exception of prescription, Home Furniture contended that all of these claims arose, at the latest, by Mr. Francis' last day of employment on May 27, 2013, and that his disputed claim for compensation was not filed until, at the earliest, December 16, 2014, more than one year later. Home Furniture submitted Mr. Francis' medical records and his deposition, which was taken on March 30, 2015, into evidence. Thus, according to Home Furniture, Mr. Francis' claims had all prescribed.

After considering the arguments and the evidence submitted by the parties, the workers' compensation judge found that Mr. Francis claimed that the accident occurred on March 21, 2013, and that the file stamp on his disputed claim for compensation was more than a year from that date. Accordingly, the workers' compensation judge concluded that the burden of proof lay with Mr. Francis to show that his claims had not prescribed. The workers' compensation judge ultimately concluded that Mr. Francis had failed to meet his burden of proof.

In making that determination, the workers' compensation judge concluded that Mr. Francis' injuries were "immediate," and that he did not suffer a developing injury. Specifically, the workers' compensation judge noted that Mr. Francis' first appointment mentioning his rashes was on January 23, 2013, and that Mr. Francis stated that there had been a rash on his calf for four years at that time. She also noted that records from Lafayette General Medical Center showed that he was treated for a rash in 2006.

With regard to the rashes that Mr. Francis claims were the result of his exposure to gases during his employment, Home Furniture noted that Mr. Francis testified at his deposition that the rashes started "immediately" after he began employment at Home Furniture in August of 2012. Although Mr. Francis asserted that this was a "developing injury," Home Furniture noted that Mr. Francis testified that he no longer got the rashes after his employment ended in May of 2013. Home Furniture contended that therefore the latest date that Mr. Francis' claim could have arisen would have been in May of 2013 and that the claim prescribed because Mr. Francis did not file his disputed claim for compensation until December of 2014. In support of this argument, Home Furniture submitted Mr. Francis' medical records and deposition testimony.

Mr. Francis testified at his deposition that March 21, 2013, is the date that he alleged his injury occurred and that he sought treatment at SWLA Center for Health Services on that date. According to his testimony, the rashes on his forearms started immediately after he began working at Home Furniture. However, the rashes would go away when he wore long sleeved shirts. Further, the rashes stopped after he stopped working at Home Furniture. Mr. Francis testified that he sought treatment for the rashes on March 21, 2013, but that he had

not sought any other medical care concerning the rashes since then. Further, records from SWLA Center for Health Services dated March 21, 2013, were submitted into evidence, wherein Mr. Francis complained of "rashes on forearms that come and go, prominent after working." The records also indicate that Mr. Francis mentioned the Styrofoam machine and that Mr. Francis "believe[d] that job would be causing all symptoms[.]" Although Mr. Francis argued at trial that the medical records showed that the rashes were a work-related occupational disease, he offered no evidence to rebut Home Furniture's assertion that his claim arose, at the latest, on May 27, 2013.

With regard to Mr. Francis' claim for an insect bite that ultimately became infected, Home Furniture observed that Mr. Francis originally sought treatment for that injury on March 18, 2013. Although Mr. Francis alleged that the bite occurred while he was in the course and scope of his employment, Home Furniture also argued that when he sought treatment, Mr. Francis attributed his injury to either a haircut or an insect bite. Mr. Francis' deposition testimony was that he was not sure where the insect bite occurred, but that it happened "something like maybe a week or two" before he sought treatment for it. Records from SWLA Center for Health Services indicate that Mr. Francis was treated for folliculitis on March 18, 2013, and March 21, 2013. On March 18, 2013, the records note that although Mr. Francis complained of an "insect bite to the back of [the] head[,]" he was unsure if he had been bitten by an insect. Our review of the record does not reveal that Mr. Francis offered any information which would rebut Home Furniture's assertion that Mr. Francis' claim for this issue arose in March of 2013.

With regard to Mr. Francis' claim that he was injured when a metal grate fell on his foot, Home Furniture argued that although no specific date for that injury

was known, Mr. Francis' last day of employment with Home Furniture was May 27, 2013. As with Mr. Francis' other claims, Home Furniture's argument was that the latest date that Mr. Francis' claim could have arisen would have been in May of 2013. Thus, they argued, the claim prescribed because Mr. Francis did not file his disputed claim for compensation until December of 2014. In his deposition, Mr. Francis testified that he bruised his right toe when a piece of metal fell on his foot and that Home Furniture paid for medical expenses associated with that injury. However, Mr. Francis also stated that he did not know the exact date that the injury occurred and was unable to obtain his medical records related to that injury. Mr. Francis also conceded that he had not sought any other medical treatment in relation to that injury. Our review of the record indicates that Mr. Francis' claim for this issue arose, at the latest, in May of 2013, when his employment with Home Furniture ended.

Finally, with regard to Mr. Francis' claim for mental stress from work, Home Furniture contended that Mr. Francis attributed this stress to two confrontations that occurred in May of 2013. Home Furniture argued that, like Mr. Francis' other claims, the latest date that this claim could have arisen was in May of 2013 and that, therefore, the one-year prescriptive period had already passed when Mr. Francis filed his disputed claim for compensation in December of 2014. In his deposition, Mr. Francis testified that he had "a confrontation" with one of his coworkers on two occasions. Mr. Francis' testimony therein was that one of these confrontations happened about a week before his last day of employment and that the other one happened approximately two weeks before that. Mr. Francis explained that those confrontations were "depressing," but that he did not seek any treatment in relation to those confrontations or alleged depression. Mr. Francis

also testified, at the time of his deposition, that although he had not worked since his last date of employment with Home Furniture, he was capable of working.

Having reviewed the record, we find no error in the workers' compensation judge's conclusion that Mr. Francis' claims had prescribed. Mr. Francis asserted both in his disputed claim for compensation and in his deposition that the date that his claims arose was March 21, 2013. His disputed claim for compensation was not filed until December of 2014, well past the one-year period provided for in La.R.S. 23:1209(A). Thus, Mr. Francis' claims had prescribed on the face of the petition and it was his burden of proof to establish that his claims were timely filed. *See Richardson*, 796 So.2d 827. Although the defendants submitted evidence at the hearing indicating that some of Mr. Francis' claims arose as early as March 18, 2013 and as late as May of 2013, Mr. Francis presented no evidence that would tend to establish that the prescriptive period for these claims had not passed.

Further, with regard to the developing injury rule, the workers' compensation judge found that the rule was inapplicable because Mr. Francis' injuries were immediate. We find no error in this conclusion and additionally note that there was no evidence that Mr. Francis was actually unable to perform his job duties, as he testified at his deposition that he was capable of working. *See Sevin*, 652 So.2d 1323.

This assignment of error is without merit.

### DECREE

For the foregoing reasons, the judgment of the workers' compensation court dated October 20, 2015, granting the exception of prescription filed by the appellees, Home Furniture Company and The Standard Fire Insurance Company,

and dismissing the matter with prejudice is affirmed. Costs of this matter are assessed to the appellant, Donald Lee Francis.

**AFFIRMED.**